UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

RICHARD H HARTMAN, II

    Plaintiff

v.

Case No. 1:14cv243

CHARTER COMMUNICATIONS, INC.;
CHARTER COMMUNICATIONS, LLC.;
CHARTER COMMUNICATIONS (NC), LLC.;
CHARTER COMMUNICATIONS VI, LLC.;
CHARTER COMMUNICATIONS VII, LLC.;
CHARTER COMMUNICATIONS HOLDING
COMPANY, LLC.;
CHARTER CABLE OPERATING
COMPANY, LLC.

    Defendants
_____/

## COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiff, RICHARD H. HARTMAN, II, and files this Complaint and Jury Demand against the Defendants, CHARTER COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, LLC.; CHARTER COMMUNICATIONS (NC), LLC.; CHARTER COMMUNICATIONS VI, LLC.; CHARTER COMMUNICATIONS VII, LLC.; CHARTER COMMUNICATIONS HOLDING COMPANY, LLC.; CHARTER CABLE OPERATING COMPANY, LLC. (collectively "Charter" or "Defendants)" and would show:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding a series of unlawful "auto-dialed" telemarketing telephone calls the Defendants made to the

Plaintiff's cellular telephone. The Plaintiff brings this action for actual damages and statutory damages against the Defendants, individually and collectively, for the Defendants' violations of the Telephone Consumer Practices Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). These laws *inter alia* regulate the type of telephone equipment organizations may use to contact consumers for telemarketing purposes.

## JURISDICTION AND VENUE

1. This is an action for money damages.

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3).

3. Venue lies in this district pursuant to 47 U.S.C. § 227(b)(3).

4. Venue in this district is proper in that the Defendants conduct business here, and the conduct complained of occurred here.

5. This Court has jurisdiction.

## PARTIES

6. Plaintiff is an individual, a natural person and a "consumer" residing in Buncombe County, North Carolina.

7. The Defendant CHARTER COMMUNICATIONS, INC. is a foreign for profit corporation that conducts business in Buncombe County, NC. Its principal business location is 12405 Powerscourt Drive, Saint Louis, MO 63131.

8. The Defendant CHARTER COMMUNICATIONS, LLC. is a foreign for profit limited liability company that conducts business in Buncombe County, NC. Its principal business location is 12405 Powerscourt Drive, Saint Louis, MO 63131.

9. The Defendant CHARTER COMMUNICATIONS (NC), LLC. is a foreign for profit limited liability company that conducts business in Buncombe County, NC. Its principal business location is 12405 Powerscourt Drive, Saint Louis, MO 63131.

10. The Defendant CHARTER COMMUNICATIONS VI, LLC. is a foreign for profit limited liability company that conducts business in Buncombe County, NC. Its principal business location is 12405 Powerscourt Drive, Saint Louis, MO 63131.

11. The Defendant CHARTER COMMUNICATIONS VII, LLC. is a foreign for profit limited liability company that conducts business in Buncombe County, NC. Its principal business location is 12405 Powerscourt Drive, Saint Louis, MO 63131.

12. The Defendant CHARTER COMMUNICATIONS HOLDING COMPANY, LLC. is a foreign for profit limited liability company that conducts business in Buncombe County, NC. Its principal business location is 12405 Powerscourt Drive, Saint Louis, MO 63131.

13. The Defendant CHARTER CABLE OPERATING COMPANY, LLC. is a foreign for profit limited liability company that conducts business in Buncombe County, NC. Its principal business location is 12405 Powerscourt Drive, Saint Louis, MO 63131.

14. The Defendants are individually and collectively responsible for the conduct alleged herein.

15. At all times herein, the Defendants either acted on their own accord, or through their agents, employees, contractors, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTS

16. Beginning in January of the year 2014, the Defendants began calling the Plaintiff's cellular telephone, the number of which is 813-486-8287 for the purpose of soliciting the Plaintiff to purchase cable television and other services.

17. Each time Charter called the Plaintiff's cellular telephone, when the Plaintiff would answer the call, there would be a period of silence for several seconds, then a mechanical clicking noise prior to a live person coming onto the line.

18. On several occasions, after the immediately aforementioned period of silence and mechanical clicking noises, the call would be terminated by the calling party without a live person ever coming onto the line.

19. Upon information and belief, the immediately aforementioned characteristics of the telephone calls indicate that Charter used an automatic telephone dialing system ("auto-dialer") as defined by the TCPA, to place the telephone calls each time that it called the Plaintiff's cellular telephone, rather than having a person manually dial each call using a telephone keypad.

20. On several occasions, when the Plaintiff would answer the telephone, a prerecorded message was delivered to him prior to a live human coming on the line.

21. The Plaintiff never gave the Defendants consent, express or otherwise, to call him on his cellular telephone for sales and/or marketing purposes.

22. Moreover, on September 29, 2013, during a telephone conversation the Plaintiff placed to Charter, Plaintiff specifically told Charter it did not have his consent to call his cellular telephone for sales and/or marketing purposes.

23. Despite the forgoing, Charter used an auto-dialer to place telemarketing calls to Plaintiff's cellular telephone on numerous occasions as described herein.

## THE CALLS

24. On January 6, 2014 at approximately 3:07 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

25. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

26. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

27. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

28. On January 9, 2014 at approximately 7:11 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

29. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

30. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

31. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

32. During the aforementioned telephone call that took place on January 9, 2014, the Plaintiff specifically told the Charter representative that Charter did not have his consent to call his cellular telephone.

33. On February 6, 2014 at approximately 6:39 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

34. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

35. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

36. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

37. During the aforementioned telephone call that took place on February 6, 2014, the Plaintiff specifically told the Charter representative that Charter did not have his consent to call his cellular telephone.

38. On March 5, 2014 at approximately 12:44 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

39. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

40. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

41. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

42. On March 10, 2014 at approximately 7:47 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

43. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

44. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

45. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

46. On April 17, 2014 at approximately 7:33 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

47. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

48. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

49. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

50. On April 22, 2014 at approximately 11:05 A.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

51. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

52. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

53. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

54. On April 23, 2014 at approximately 1:09 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

55. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

56. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

57. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

58. On April 24, 2014 at approximately 5:54 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

59. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

60. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

61. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

62. On April 26, 2014 at approximately 11:11 A.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

63. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

64. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

65. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

66. On April 28, 2014 at approximately 5:56 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

67. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

68. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

69. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

70. On April 29, 2014 at approximately 6:03 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

71. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

72. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

73. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

74. On April 30, 2014 at approximately 6:16 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

75. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

76. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

77. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

78. On May 16, 2014 at approximately 5:05 P.M., Eastern Time, Charter placed a telephone call to Plaintiff's cellular telephone, the number of which is 813-486-8287.

79. The immediately aforementioned telephone call was placed by Charter to Plaintiff for the purpose of soliciting Plaintiff to purchase services from Charter.

80. The immediately aforementioned telephone call from Charter to Plaintiff was not manually dialed using a telephone keypad, by a live person, at the time the call was placed.

81. The immediately aforementioned telephone call from Charter to Plaintiff was placed using an automated telephone dialing system, as defined by the TCPA.

82. All of the aforementioned telephone calls were willfully and knowingly made by Charter to the Plaintiff's cellular telephone after Charter was made aware that the Plaintiff did not consent to receiving such calls.

83. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone with an auto-dialer without his express prior consent.

84. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone that delivers a prerecorded message without his express prior consent.

85. In addition, if the Court finds the Defendants willfully and knowingly violated the forgoing section, the court may award treble damages to the Plaintiff for such violations pursuant to 47 U.S.C. § 227 (b)(3).

86. All conditions precedent to the filing of this action have been completed or have been waived.

## CAUSES OF ACTION

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

87. This is an action against the Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

88. Plaintiff repeats, re-alleges and incorporates paragraphs 1-86 as though fully restated herein.

89. Defendant, in the conduct of its business, used an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the Plaintiff's cellular telephone.

90. Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice –
  (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

> common carrier service, or any service for which the called party is charged for the call.

91. Charter is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone, at least fourteen (14) times, without his prior express consent.

92. Charter is subject to, and has violated the TCPA by delivering prerecorded messages to the Plaintiff's cellular telephone without his prior express consent.

93. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA, after the Plaintiff had specifically told the Defendant that it did not have his consent to call him on his cellular telephone.

94. As a direct and approximate result of Charter's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

95. As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

96. Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against each Defendant for:

    a.     $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

    b.     Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

    c.     Costs of litigation, and;

    d.     Such other or further equitable relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Please take notice that the Plaintiff respectfully demands trial by jury on all issues so triable.

Dated this 15th day of September, 2014.

Respectfully Submitted:

Richard H. Hartman, Plaintiff
185A Weston Road
Arden, NC 28704
813-486-8287
rick@rickhartman.com