IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:14-cv-243

| | |
|---|---|
| RICHARD H. HARTMAN, II, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CHARTER COMMUNICATIONS, )<br>INC.; CHARTER )<br>COMMUNICATIONS, LLC.; )<br>CHARTER COMMUNICATIONS )<br>(NC), LLC.; CHARTER )<br>COMMUNICATIONS VI, LLC.; )<br>CHARTER COMMUNICATIONS )<br>VII, LLC.; CHARTER )<br>COMMUNICATIONS HOLDING )<br>COMPANY, LLC.; CHARTER )<br>CABLE OPERATING COMPANY, )<br>LLC. )<br>)<br>Defendants. ) | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

NOW COMES the Defendants, by and through counsel, and respond to the Plaintiff's Motion to Strike Affirmative Defenses with Incorporated Memorandum of Law.

**INTRODUCTION**

On October 20, 2014, Plaintiff filed a Motion to Strike Affirmative Defenses with Incorporated Memorandum of Law (E.C.F. Doc. 5). Plaintiff's motion is based on the premise that Defendants' First, Second, and Eighth Affirmative Defenses are insufficient and that Defendants' Fifth, Sixth, and Seventh Affirmative Defenses are not proper

1

affirmative defenses. Plaintiff further claims that the Fifth, Sixth, and Seventh Affirmative Defenses are prejudicial to Plaintiff by increasing time and expense of discovery and trial. For the reasons set forth below, Plaintiff's motion should be denied.

## STATEMENT OF FACTS

On June 16, 2014, the Plaintiff filed an unverified Complaint against Defendants for violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff's cause of action alleges that Defendants violated the TCPA by using an automated dialing system to call Plaintiff's cell phone at least fourteen times without his prior express consent. *(Plaintiff's Complaint,* ¶¶ 89-91). Plaintiff further alleges that each of these calls were made willfully, knowingly, and consciously in violation of the TCPA, and therefore, Plaintiff is entitled to treble damages. *(Compl.,* ¶¶ 93, 96). Plaintiff also contends that Defendants' alleged calls caused him to suffer the loss of cell phone service, the costs associated with the usage of cellular telephone service during each call, and other damages. *(Compl.,* ¶ 94).

In response, Defendants filed an Answer to the Complaint on October 6, 2014, which denies any violations of the TCPA. Defendants deny placing any calls to Plaintiff and also assert affirmative defenses to Plaintiff's claim. Defendants' First Affirmative Defense asserts that to the extent violations are established, they were not intentional and were the result of bona fide error. (*Defendants' Answer to Complaint, 1st Aff. Def.*). Defendants' Second Affirmative Defense alleges that Plaintiff suffered no actual damages as a result. (*Answ. to Compl., 2nd Aff. Def.*). Defendants Fifth Affirmative Defense alleges that Plaintiff consented and authorized calls to the phone number in

2

question, and Defendants' Seventh Defense states that to the extent any calls were made by Defendants, Plaintiff consented to receive those calls. (*Answ. to Compl.,5th Aff. Def., 7th Aff. Def.*). Defendants' Sixth Affirmative Defense alleges that any phone calls made to Plaintiff by Defendants are exempt from TCPA liability. (*Answ. to Compl.,6th Aff. Def.*). These affirmative defenses are made in direct response to Plaintiff's claims and allegations in his Complaint, and are legal bars to Plaintiff recovering damages under the TCPA.[1]

## STATEMENT OF THE LAW

In general, courts hold discretion in disposing of Rule 12(f) motions to strike, but even the Plaintiff admits in his Memorandum that these motions are "viewed with disfavor because striking a portion of a pleading is a drastic remedy…." *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 348 (4th Cir. 2001); (*Plaintiff's Motion to Strike with Incorporated Memorandum of Law,* pg. 2). Motions to strike "should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." *Simaan, Inc. v. BP Products N. Am., Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (citation omitted); *see also Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 705 *on reconsideration in part,* 977 F. Supp. 2d 544 (D. Md. 2013) (citation omitted) (explaining that federal courts generally require the moving party establish that the materials to be struck are prejudicial).

---

[1] Defendants are respectfully withdrawing the Eighth Affirmative Defense.

The motion to strike should also be denied if substantial questions of fact appear at the pleading stage and they are in need of determination. *Shenandoah Life Ins. Co. v. Hawes,* 37 F.R.D. 526, 529 (E.D.N.C. 1965). Furthermore, a "partial defense" will not be stricken as an insufficient defense when it is a defense based on alleged facts. *Id.* (citation omitted). Therefore, "such motions are to be granted infrequently." *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 247 (4th Cir. 2007); *Buser v. Southern Food Serv.*, 73 F.Supp.2d 556, 559 (M.D.N.C. 1999).

## ARGUMENT

**I. Defendants' First Affirmative Defense is a bar to recovering treble damages under the TCPA and should be preserved.**

Defendants' First Affirmative Defense should be preserved as it is a valid defense and a direct response to Plaintiff's claim for treble damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227. The First Affirmative Defense states that "to the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid such error." (*Answ., 1st Aff. Def.*).

Under the TCPA, if the court determines that "the defendant willfully or knowingly violated" the statute, the court may increase the amount of the award to no "more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).[2] Furthermore, to prove treble damages under the TCPA, the Plaintiff

---

[2] *See also Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) (citation omitted) ("The TCPA does not require any intent for liability except when awarding treble damages."); *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008) ("Numerous courts have determined that the TCPA does not require intent,

4

must prove that the defendant knowingly or intentionally acted. *See Maryland v. Universal Elections, Inc.*, 862 F. Supp. 2d 457, 463 (D. Md. 2012) *aff'd*, 729 F.3d 370 (4th Cir. 2013) (citation omitted) ("The [FCC] has interpreted willful or knowing under the Telecommunications Act (of which the TCPA is a part), as the person ha[ving] reason to know, or should have known, that his conduct would violate the statute."); *Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 707 (D. Md.) *on reconsideration in part*, 977 F. Supp. 2d 544 (D. Md. 2013) (declining to award treble damages under the TCPA because Plaintiff did not demonstrate TCPA violation was willfull or knowing). For example, in the case of *Harris v. World Fin. Network Nat. Bank*, the court found Plaintiff must prove Defendant's call was more than incidental to show Defendant's conduct was willful or knowing for treble damages. 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012).

In this case, Plaintiff alleges that "[b]ased on the willfull, knowingly, and intentional conduct of the Defendant . . . Plaintiff is also entitled to an increase in the amount of the award to treble the damages…." (*Compl.*, ¶ 96.). Although Defendants deny making any calls to the Plaintiff, if the court determines Defendants did call the Plaintiff, then to the extent that any violations are established, Defendants contend that such violations were not intentional and treble damages are not applicable in this case. This affirmative defense is pled as a complete bar for Plaintiff's recovery of treble

---

except when awarding treble damages."); *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 322 (5th Cir. 2008) ("The monetary award [under the TCPA] may be trebled if the court finds that a violation was willful or knowing."); *Machesney v. Lar-Bev of Howell, Inc.*, 292 F.R.D. 412, 415 (E.D. Mich. 2013) (emphasis added) ("The TCPA does not require any intent on the part of the sender for liability, *except* when awarding treble damages."); *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 834 (D. Md. 2011) ("Moreover, the TCPA contains a provision whereby, in its discretion, the court may treble the damages if it concludes that the Defendant acted willfully or knowingly.").

5

damages and, as such, is relevant to the subject matter at hand, does not prejudice the Plaintiff, and will necessarily be decided in this litigation. Defendants respectfully request the court preserve this defense and deny Plaintiff's motion.

**II. Defendants' Second Affirmative Defense is a bar to Plaintiff recovering any actual damages and should be preserved.**

Defendants' Second Affirmative Defense is a valid defense and is pled as a bar to Plaintiff recovering actual damages under the TCPA. Defendants' Second Affirmative Defense states that regardless of liability, Plaintiff has suffered no actual damages as a result of Defendants' purported liability. (*Answ.*, 2nd *Aff. Def.*).

Under the TCPA, an individual may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater…." 47 U.S.C. § 227(b)(3); *see Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 845 (D. Md. 2011) (citing 47 U.S.C. § 227(b)(3)) ("Under both the federal law and the Maryland law, the alternative measure of damages is 'actual monetary loss from such a violation'…."); *Edeh v. Midland Credit Management, Inc.*, 748 F.Supp.2d 1030, 1042 (D.Minn.2010) (finding unclear to what extent the plaintiff's emotional distress was attributable to the defendant's violation of the TCPA and holding that a reasonable jury could award the plaintiff actual damages for emotional distress); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 300 F. Supp. 2d 888, 893 (E.D. Mo. 2004) aff'd, 401 F.3d 876 (8th Cir. 2005) ("[A]

6

remedy offered by the TCPA is actual damages."). Therefore, the court will determine whether Plaintiff can recover statutory or actual damages.

In this case, Plaintiff alleges he has suffered the loss of cellular telephone service, the costs of the usage of cellular telephone service during each call, and other damages, in addition to the damages he claims under the statute. (*Compl.,* ¶ 94). In response to Plaintiff's allegations, Defendants deny making any calls to Plaintiff, but, if it is determined that Defendants are in violation, Defendants allege that Plaintiff has suffered no actual damages as a result of answering Defendants' purported violations. There are still determinations of fact to be made regarding the plaintiff's allegations of actual damages and therefore, the Second Affirmative Defense is a valid defense. Defendants respectfully request the court preserve this defense and deny Plaintiff's motion.

**III. Defendants' Fifth, Sixth, and Seventh Affirmative Defenses are valid exemptions to TCPA liability and should be preserved.**

Defendants' Fifth, Sixth, and Seventh Affirmative Defenses are valid defenses and concern certain exemptions from TCPA liability. Defendants' Fifth Affirmative Defense states that Plaintiff consented and authorized calls to the phone number in question while Defendants' Seventh Affirmative Defense claims to the extent any calls *were made by Defendants* to Plaintiff's cell phone, Plaintiff provided consent to receive those calls. (*Answ.*, 5th *Aff. Def.*, 7th *Aff. Def.*) (emphasis added). Finally, Defendants' Sixth Affirmative Defense states that any phone calls made to Plaintiff by Defendants are exempt from TCPA liability. (*Answ.*, 6th *Aff. Def.*). While Defendants deny making any

7

phone calls to Plaintiff, if the court determines otherwise, Defendants have pled these defenses as bars to Plaintiff's recovery under the TCPA.

The TCPA makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or *made with the prior express consent of the called party*) using any *automatic telephone dialing system*…." 47 U.S.C. § 227(b)(1) (emphasis added). Under the statute, if the Plaintiff gave prior express consent to a caller, then Plaintiff would not be able to recover from that entity under the TCPA. *See Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 273 (3rd Cir. 2013) ("The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent."); *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) *aff'd*, 755 F.3d 1265 (11th Cir. 2014) (explaining that prior express consent can act as an affirmative defense to TCPA claims). In this case, if Defendants can show Plaintiff gave his prior express consent to calls from Defendants or other entities, then this will bar Plaintiff's recovery for those calls and act as an exemption under either the Fifth, Sixth, or Seventh Affirmative Defenses.

In addition, an automatic telephone dialing system ("ATDS"), as defined in the TCPA, means equipment which has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." 47 U.S.C. § 227(a)(1). In the case of *Gragg v. Orange Cab Co.*, the court dismissed Plaintiff's TCPA claims, finding that defendants were not using an ATDS. 995 F. Supp. 2d 1189, 1194 (W.D. Wash. 2014), *reconsideration denied* (Feb. 28, 2014); *see also Sherman v. Yahoo! Inc.*, 997 F. Supp. 2d 1129, 1135 (S.D. Cal. 2014*), reconsideration*

8

*denied* (July 3, 2014) ("The TCPA only prohibits calls made with an automatic telephone dialing system"); *Dominguez v. Yahoo!, Inc.*, 8 F. Supp. 3d 637 (E.D. Pa. Mar. 20, 2014) (dismissing a TCPA claim because Plaintiff did not show that Defendant used an ATDS). To establish liability, Plaintiff will have to prove that Defendants used an ATDS to call his cell phone. Otherwise, Defendants are exempt from liability under the TCPA as stated in the Sixth Affirmative Defense.

Plaintiff claims these defenses are prejudicial as they will result in increased time and expense of discovery and trial. (*Plaintiff's Motion to Strike with Incorporated Memorandum of Law,* pg. 2). However, prior express consent is an affirmative defense to TCPA claims as shown above, and establishing that the call was made by an automatic dialer is an essential element to establishing a claim under the TCPA. The cost of written discovery on the issues of consent and the equipment used would be minimal and the cost of this written discovery would not prejudice the plaintiff.

At this stage, written discovery has just begun and plaintiff has yet to prove that he was called by any of the defendants, that he was called by an automatic telephone dialing machine, and that he did not consent to the calls received. Any of these issues decided in favor of the Defendants would exempt Defendants from liability under the TCPA. Therefore, the Fifth, Sixth, and Seventh Affirmative Defenses are valid under the TCPA, involve issues that will necessarily be decided by this court, and do not prejudice the Plaintiff. As such, Defendants respectfully request the court preserve these defenses and deny Plaintiff's motion.

### IV. Defendants' Eighth Affirmative Defense is withdrawn.

Defendants respectfully withdraw the Eighth Affirmative Defense.

### CONCLUSION

For the reasons stated herein, Defendants respectfully request that Plaintiffs' Motion to Strike be DENIED.

This the 10th day of November, 2014.

        **CRANFILL SUMNER & HARTZOG LLP**

BY: **/s/ Samuel H. Poole, Jr.**
SAMUEL H. POOLE, JR.
State Bar No. 13659
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
E-Mail: shp@cshlaw.com
*Attorneys for Defendants Charter Communications, Inc., Charter Communications, LLC, and Charter Communications (NC), LLC*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached ***Response*** on all of the parties to this cause by:

Electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Richard H. Hartman
>185A Weston Road
>Arden, NC 28704
>Tel: 813-486-8287
>Email: rick@rickhartman.com

This the 10th day of November, 2014.

**CRANFILL SUMNER & HARTZOG LLP**

BY: **/s/ Samuel H. Poole, Jr.**
SAMUEL H. POOLE, JR.
State Bar No. 13659
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
E-Mail: shp@cshlaw.com
*Attorneys for Defendants Charter Communications, Inc., Charter Communications, LLC, and Charter Communications (NC), LLC*

11