IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-243

| | |
|---|---|
| RICHARD H. HARTMAN, II,<br><br>     Plaintiff,<br> v.<br><br>CHARTER COMMUNICATIONS, INC.;<br>CHARTER COMMUNICATIONS, LLC.;<br>CHARTER COMMUNICATIONS (NC),<br>LLC.; CHARTER COMMUNICATIONS<br>VI, LLC.; CHARTER<br>COMMUNICATIONS VII, LLC.;<br>CHARTER COMMUNICATIONS<br>HOLDING COMPANY, LLC.; CHARTER<br>CABLE OPERATING COMPANY, LLC.<br>STRAIGHT FORWARD OF WISCONSIN,<br>INC.<br><br>     Defendants. | **DEFENDANTS' ANSWER TO<br>PLAINTIFF'S AMENDED COMPLAINT** |

NOW COMES the Defendants Charter Communications, Inc., Charter Communications, LLC, Charter Communications (NC), LLC, Charter Communications, VI, LLC, Charter Communications, VII, LLC, Charter Communications Holding Company, LLC, and Charter Cable Operating Company, LLC, (hereinafter "Charter Defendants"), by and through counsel, Cranfill Sumner & Hartzog LLP, responds to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**
**(FAILURES TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED)**

Plaintiff's Complaint fails to state a claim against Defendants Charter Communications, Inc., Charter Communications, LLC, Charter Communications (NC), LLC, Charter Communications, VI, LLC, Charter Communications, VII, LLC, Charter Communications Holding Company, LLC, and Charter Cable Operating Company, LLC and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to these companies.

1

## SECOND DEFENSE

### INTRODUCTION

It is specifically denied that this Defendant called the Plaintiff or violated the Telephone Consumer Act. It is admitted that the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 speak for themselves. The remaining allegations contained in the Introduction are denied.

### JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 are admitted upon information and belief.

2. The allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 are denied.

4. It is admitted, upon information and belief, that Plaintiff is a citizen and resident of Buncombe County, North Carolina and it is further admitted that Defendants Charter Communications, Inc., Charter Communications, LLC, and Charter Communications (NC), LLC are entities that conduct business in North Carolina and specifically business that may relate to telephone communications. The remaining allegations contained in Paragraph 4 are denied.

5. The allegations contained in Paragraph 5 are denied.

### PARTIES

6. It is admitted that Plaintiff, upon information and belief, is an individual residing in Buncombe County, North Carolina. The remaining allegations contained in Paragraph 6 are denied.

7. It is admitted that Defendant Charter Communications, Inc. is a corporation that conducts business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. The remaining allegations contained in Paragraph 7 are denied.

8. It is admitted that Defendant Charter Communications, LLC is a corporation that conducts business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. The remaining allegations contained in Paragraph 8 are denied.

9. It is admitted that Defendant Charter Communications (NC), LLC is a corporation that conducts business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. The remaining allegations contained in Paragraph 9 are denied.

10. It is admitted that Defendant Charter Communications VI, LLC is a corporation that conducts some business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. The remaining allegations contained in Paragraph 10 are denied.

11. It is admitted that Defendant Charter Communications VII, LLC is a corporation that conducts some business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. The remaining allegations contained in Paragraph 11 are denied.

12. It is admitted that Defendant Charter Communications Holding Company, LLC is a corporation that conducts some business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. The remaining allegations contained in Paragraph 12 are denied.

13. It is admitted that Defendant Charter Cable Operating Company, LLC is a corporation that conducts some business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. The remaining allegations contained in Paragraph 13 are denied.

14. Upon information and belief, it is admitted that Defendant Straight Forward of Wisconsin ("Straight Forward") has its principal place of business located in Wisconsin. The remaining allegations contained in Paragraph 14 are denied for lack of information or belief.

15. The allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16 are denied.

17. The allegations contained in Paragraph 17 are denied.

## FACTS

18. It is admitted, upon information and belief, that Plaintiff's cellular telephone number in January of 2014 was (813) 486-8287. The remaining allegations contained in Paragraph 18 are denied.

19. There is not sufficient knowledge or information in possession of these answering Defendants as to the truth of the allegations contained in Paragraph 19 and the same are therefore denied.

20. There is not sufficient knowledge or information in possession of these answering Defendants as to the truth of the allegations contained in Paragraph 20 and the same are therefore denied.

21. The allegations contained in Paragraph 21 are denied upon information and belief.

22. There is not sufficient knowledge or information in possession of these answering Defendants as to the truth of the allegations contained in Paragraph 22 and the same are therefore denied.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

## THE CALLS

26. It is admitted, upon information and belief, that on the afternoon of January 6, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 26 are denied.

27. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 27 and the same are therefore denied.

28. The allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 are denied.

30. It is admitted, upon information and belief, that on the evening of January 9, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 30 are denied.

31. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 31 and the same are therefore denied.

32. The allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are denied.

34. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 34 and the same are therefore denied.

35. It is admitted, upon information and belief, that on the evening of February 6, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 35 are denied.

36. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 36 and the same are therefore denied.

37. The allegations contained in Paragraph 37 are denied.

38. The allegations contained in Paragraph 38 are denied.

39. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 39 and the same are therefore denied.

40. It is admitted, upon information and belief, that on the afternoon of March 5, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 40 are denied.

41. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 41 and the same are therefore denied.

42. The allegations contained in Paragraph 42 are denied.

43. The allegations contained in Paragraph 43 are denied.

44. It is admitted, upon information and belief, that on the evening of March 10, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 44 are denied.

45. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 45 and the same are therefore denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied.

48. It is admitted, upon information and belief, that on the evening of April 17, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 48 are denied.

49. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 49 and the same are therefore denied.

50. The allegations contained in Paragraph 50 are denied.

51. The allegations contained in Paragraph 51 are denied.

52. It is admitted, upon information and belief, that on the morning of April 22, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 52 are denied.

53. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 53 and the same are therefore denied.

54. The allegations contained in Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 are denied.

56. It is admitted, upon information and belief, that on the afternoon of April 23, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 56 are denied.

57. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 57 and the same are therefore denied.

58. The allegations contained in Paragraph 58 are denied.

59. The allegations contained in Paragraph 59 are denied.

60. It is admitted, upon information and belief, that on the afternoon of April 24, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 60 are denied.

61. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 61 and the same are therefore denied.

62. The allegations contained in Paragraph 62 are denied.

63. The allegations contained in Paragraph 63 are denied.

64. It is admitted, upon information and belief, that on the morning of April 26, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 64 are denied.

65. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 65 and the same are therefore denied.

66. The allegations contained in Paragraph 66 are denied.

67. The allegations contained in Paragraph 67 are denied.

68. It is admitted, upon information and belief, that on the afternoon of April 28, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 68 are denied.

69. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 69 and the same are therefore denied.

70. The allegations contained in Paragraph 70 are denied.

71. The allegations contained in Paragraph 71 are denied.

72. It is admitted, upon information and belief, that on the evening of April 29, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 72 are denied.

73. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 73 and the same are therefore denied.

74. The allegations contained in Paragraph 74 are denied.

75. The allegations contained in Paragraph 75 are denied.

76. It is admitted, upon information and belief, that on the evening of April 30, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 76 are denied.

77. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 77 and the same are therefore denied.

78. The allegations contained in Paragraph 78 are denied.

79. The allegations contained in Paragraph 79 are denied.

80. It is admitted, upon information and belief, that on the afternoon of May 16, 2014, a telephone call was placed to Plaintiff's cellular telephone, the number of which is (813) 486-8287, by Straight Forward. The remaining allegations contained in Paragraph 80 are denied.

81. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 81 and the same are therefore denied.

82. The allegations contained in Paragraph 82 are denied.

83. The allegations contained in Paragraph 83 are denied.

84. The allegations contained in Paragraph 84 are denied.

85. It is admitted that the provisions of 47 U.S.C. § 227 (b)(3)(B) speaks for itself. The remaining allegations contained in Paragraph 85 are denied.

86. It is admitted that the provisions of 47 U.S.C. § 227 (b)(3)(B) speaks for itself. The remaining allegations contained in Paragraph 86 are denied.

87. The provisions of 47 U.S.C. § 227 (b)(3) speaks for itself, including when additional damages may be allowed. The remaining allegations contained in Paragraph 87 are denied.

88. The allegations contained in Paragraph 88 are denied.

## CAUSES OF ACTION

### (Count I - Violations of the Telephone Consumer Protection Act)

89. It is admitted that Plaintiff alleges that Defendants violated 47 U.S.C. § 227 *et seq*. The remaining allegations contained in Paragraph 89 are denied.

90. These answering Defendants incorporate by reference its responses to Paragraphs 1-88 of the Complaint as if fully stated herein.

91. The allegations contained in Paragraph 91 are denied.

92. It is admitted that the provisions of 47 U.S.C. § 227(a)(1)(A)(iii) speaks for itself. The remaining allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied.

94. The allegations contained in Paragraph 94 are denied.

95. The allegations contained in Paragraph 95 are denied.

96. The allegations contained in Paragraph 96 are denied.

10

97. The allegations contained in Paragraph 97 are denied.

98. The allegations contained in Paragraph 98 are denied.

## AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. Defendants deny any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of answering Defendants purported violations.

3. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than these answering Defendants and were beyond the control or supervision of these answering Defendants and for whom these answering Defendants were not responsible for liable.

4. Plaintiff has failed to state a claim against Defendants Charter Communications, Inc., Charter Communications, LLC, Charter Communications (NC), LLC, Charter Communications, VI, LLC, Charter Communications, VII, LLC, Charter Communications Holding Company, LLC, and Charter Cable Operating Company, LLC upon which relief may be granted.

5. Plaintiff consented and authorized calls to the phone number in question.

6. Any phone calls made to Plaintiff by these answering Defendants are exempt from TCPA liability.

7. To the extent that any calls were made by these answering Defendants to Plaintiff's cellular phone, as alleged, Plaintiff provided consent to receive those calls.

11

## PRAYER FOR RELIEF

WHEREFORE, having fully responded to the allegations contained in Plaintiff's Complaint, these answering Defendants pray unto the Court the following:

A. That Plaintiff recover nothing in this action, and that the Plaintiff's Complaint be dismissed with prejudice;

B. That all issues of fact be tried by a jury;

C. That these answering Defendants have and recover their costs, including attorney's fees from the Plaintiff;

D. For such other and further relief that the Court deems just and proper.

This the 27th day of February, 2015.

**CRANFILL SUMNER & HARTZOG LLP**

BY: **/s/ Samuel H. Poole, Jr.**
SAMUEL H. POOLE, JR.
State Bar No. 13659
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
E-Mail: shp@cshlaw.com
*Attorneys for Defendants Charter Communications, Inc., Charter Communications, LLC, and Charter Communications (NC), LLC*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached *Answer* on all of the parties to this cause by:

Electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Richard H. Hartman
    185A Weston Road
    Arden, NC 28704
    Tel: 813-486-8287
    Email: rick@rickhartman.com

This the 27th day of February, 2015.

                            **CRANFILL SUMNER & HARTZOG LLP**

        BY: **/s/ Samuel H. Poole, Jr.**
                  SAMUEL H. POOLE, JR.
                  State Bar No. 13659
                  Post Office Box 30787
                  Charlotte, North Carolina 28230
                  Telephone:   (704) 332-8300
                  Facsimile:   (704) 332-9994
                  E-Mail: shp@cshlaw.com
                  *Attorneys for Defendants Charter Communications, Inc., Charter Communications, LLC, and Charter Communications (NC), LLC*