IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:14-cv-243

| | |
|---|---|
| RICHARD H. HARTMAN, II, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CHARTER COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, LLC.; CHARTER COMMUNICATIONS (NC), LLC.; CHARTER COMMUNICATIONS VI, LLC.; CHARTER COMMUNICATIONS VII, LLC.; CHARTER COMMUNICATIONS HOLDING COMPANY, LLC.; CHARTER CABLE OPERATING COMPANY, LLC, STRAIGHT FORWARD OF WISCONSIN, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF THE RESPONSE OPPOSING IN PART AND AGREEING IN PART TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

Defendants Charter Communications, Inc.; Charter Communications, LLC; Charter Communications (NC), LLC; Charter Communications VI, LLC; Charter Communications, VII, LLC; Charter Communications Holding Company, LLC; Charter Cable Operating Company, LLC hereby submit their brief in support of the response opposing in part and agreeing in part to Plaintiff's Motion to Compel Arbitration with respect to Charter Communications, Inc. In the brief in

1

support of Plaintiff's motion, Plaintiff claims that according to the Terms and Conditions in the Service Agreement, Charter Communications, Inc. is obligated to arbitrate these claims, but Plaintiff also claims that only Charter Communications, Inc. should be involved in arbitration as this Charter entity is the only Defendant who is a party to the contract. In response, Defendants agree that arbitration is appropriate in this case according to the Service Agreement but also contend that *all Charter Defendants should be included* in the arbitration as the claims against Charter Communications, Inc. are inseparably intertwined with the claims against the other Charter Defendants, the Charter Defendants consent and agree to arbitration, and the arbitration provision is broad in scope.

## Statement of the Case

On February 9, 2015, Plaintiff filed an Amended Complaint against Defendants Charter Communications, Inc.; Charter Communications, LLC; Charter Communications (NC), LLC; Charter Communications VI, LLC; Charter Communications, VII, LLC; Charter Communications Holding Company, LLC; Charter Cable Operating Company, LLC (these entities are referred to collectively as the "Charter Defendants"); and Straight Forward of Wisconsin, Inc. ("Straight Forward"). The crux of Plaintiff's cause of action alleges that Defendants collectively violated the TCPA by using an automated dialing system to call Plaintiff's cell phone and that each Defendant acted on behalf of itself or another

Defendant. Amended Complaint, at Introduction and ¶¶ 15-16 (ECF Doc.16). In response, the Charter Defendants filed an Answer to the Amended Complaint on February 27, 2015, which denies any violations of the TCPA. Answer to Amended Complaint (ECF Doc. 19).

Prior to filing the Amended Complaint, Plaintiff had filed his original complaint and parties had exchanged and responded to discovery requests. Plaintiff now files a Motion to Compel Arbitration as to Charter Communications, Inc. only and wants to leave the remaining related Charter entities and Straight Forward in this lawsuit while pursuing arbitration against only one of the Defendants.

## Statement of the Law

Generally, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). However, in certain circumstances, a nonparty can enforce, be bound by, or submit to an arbitration provision within a contract executed by other parties. See *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416–17 (4th Cir. 2000)); *J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir. 1988) (holding that a parent company is subject to an arbitration agreement that was signed by its subsidiary).

The Fourth Circuit acknowledges that "[w]ell-established common law principles dictate that in an appropriate case a nonsignatory can enforce, or be bound by, an arbitration provision within a contract executed by other parties." *International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416-17 (4th Cir. 2000) (emphasis added). State law "traditional principles" "allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.'" *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (citing 21 R. Lord, Williston on Contracts § 57:19, p. 183 (4th ed. 2001)).

A number of courts, including the Fourth Circuit, have recognized an "intertwined claims" exception to the general rule. *James C. Greene Co. v. Great Am. E & S Ins. Co.*, 321 F. Supp. 2d 717, 719 (E.D.N.C. 2004) (citation omitted) (holding that where the claims against nonparty are intertwined with, and dependent upon, the claims against party to the arbitration clause, the arbitration clause should be given effect to the non-party); *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524 (5th Cir. 2000) (holding that where the claims against nonparty are intertwined with, and dependent upon, the claims against party to the arbitration clause, the arbitration clause should be given effect to the non-party or otherwise the arbitration would be rendered meaningless and the federal policy in

4

favor of arbitration effectively thwarted); *J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir. 1988) (holding that a parent company was subject to arbitration clause signed by subsidiary).

Furthermore, there is a presumption and policy in favor of arbitration. See *Klopfer v. Queens Gap Mountain, LLC*, 816 F. Supp. 2d 281, 296 (W.D.N.C. 2011). "[C]ourts must liberally construe the parties' intentions as to issues of arbitrability, and resolve any ambiguities as to the scope of the arbitration provision in favor of arbitration." *Smith v. Cato*, 2006 WL 1285521, at *4 (W.D.N.C. May 9, 2006) (citing *Washington Square Securities, Inc. v. Aune*, 385 F.3d 432, 436 (4th Cir. 2004)); see also *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983) (explaining that "questions of arbitrability ... be addressed with a healthy regard for the federal policy favoring arbitration," and that "any doubts concerning the scope of arbitrable issues ... be resolved in favor of arbitration").

## Argument

In this case, arbitration is appropriate and all Charter Defendants should be included in arbitration as the claims against all Charter Defendants are inseparably intertwined with Plaintiff's claims against Charter Communications, Inc., the Charter Defendants would consent to the arbitration provision in the Service Agreement, and the arbitration provision in the Service Agreement is broad in

5

scope.

**I.  All Charter Defendants should be included in arbitration as the claims against all Charter Defendants are intertwined with Plaintiff's claims against Charter Communications, Inc. and Charter Defendants would consent to arbitration.**

In *International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, the Fourth Circuit court found that "[w]hile a contract cannot bind parties to arbitrate disputes they have not agreed to arbitrate, '[i]t does not follow ... that under the [Federal Arbitration] Act an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision.'" 206 F.3d 411, 416-17 (4th Cir. 2000) (citing *Fisser v. International Bank*, 282 F.2d 231, 233 (2d Cir. 1960)). The court found that "a party can agree to submit to arbitration by means other than personally signing a contract containing an arbitration clause. Well-established common law principles dictate that in an appropriate case a nonsignatory can enforce, or be bound by, an arbitration provision within a contract executed by other parties." *International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416-17 (4th Cir. 2000); see also *Klopfer v. Queens Gap Mountain, LLC*, 816 F. Supp. 2d 281, 296 (W.D.N.C. 2011) (citation omitted) ("[W]ell-established common law principles dictate that in an appropriate case a nonsignatory can enforce, or be bound by, an arbitration provision within a contract executed by other parties.").

Furthermore, in *Smith v. Cato*, this court found that there is an exception to

6

the rule that a party should not be compelled to arbitrate claims which he has not agreed to arbitrate, where the allegations against a non-signatory and a signatory are based on the same facts, and are inherently inseparable or closely intertwined. 2006 WL 1285521, at *4 (W.D.N.C. May 9, 2006).[1]

The claims in this case are inherently inseparable as they all arise out of alleged calls by Defendants. In the amended complaint, Plaintiff states that this suit arises out of "a series of unlawful auto-dialed telemarketing telephone calls the Defendants made to Plaintiff's cellular phone." Amended Complaint, p. 2 (ECF Doc. 16). Plaintiff further alleges that the "Defendants are individually and collectively responsible for the conduct alleged herein." Amended Complaint, ¶ 15 (ECF Doc. 16). Plaintiff additionally states that "[a]t all times herein, the Defendants either acted on their own accord, or through their agents, employees, contractors, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers." Amended Complaint, ¶ 16 (ECF Doc. 16).

In the Amended Complaint, Plaintiff has alleged that Straight Forward called on behalf of *only* Charter Communications, Inc. See Amended Complaint, ¶ 17 (ECF Doc. 16). There are no individual allegations regarding the phone calls against the other Charter Defendants. See Amended Complaint, ¶¶ 15-17 (ECF

---

[1] It is important to note that unlike in *Cato*, here the Charter Defendants are amenable to arbitration and would not need to be compelled by the court to arbitrate as they would agree to submit to the arbitration provisions of the Service Agreement.

Doc. 16).  Thus, the liability of the other Charter Defendants is dependent upon the liability of Charter Communications, Inc. as the other Charter Defendants could only be found liable as agents, representatives, etc. of Charter Communications, Inc., and if Charter Communications, Inc. was not found liable then it follows that the other Charter Defendants could not be found liable.

Furthermore, while Charter Defendants do not admit that all Charter Defendants made or are responsible for phone calls, all Charter Defendants should remain together; otherwise, the same claims will be pending against Charter in two separate forums.  Plaintiff is asking for the same relief against all Charter Defendants, and if Plaintiff is allowed to arbitrate only against Charter Communications, Inc, then he would be pursuing the same remedy and claims in two separate venues for a single harm.

Overall, because the Charter Defendants would consent to arbitration and as the claims against Charter Communications, Inc. and the other Charter Defendants are inseparably intertwined, all Charter Defendants should be included in arbitration.

## II. All Charter Defendants should be included in arbitration as the arbitration provision in the Service Agreement is broad in scope.

In addition, the arbitration provision in the Service Agreement is broadly defined as in the *Cato* case. See *Smith v. Cato*, 2006 WL 1285521, at *6 (W.D.N.C. May 9, 2006) (citing *American Recovery Corp. v. Computerized*

*Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir. 1996)) ("The arbitration provision in this case is in fact broadly-worded. It provides that 'any controversy, dispute, or claim related to this [Employment] Agreement' be submitted to binding arbitration. In other words, the arbitration provision encompasses every dispute bearing a significant relationship to the Employment Agreement, not merely disputes regarding the interpretation or performance thereof.").[2]

Here, the Services Agreement provides arbitration for "disputes and claims arising out of …the Services or marketing of the Services Subscriber has received from Charter." Service Agreement, at p. 7 (ECF Doc. 18-1). As such, the arbitration provision in the Service Agreement provides for the arbitration of Plaintiff's claims arising out of alleged telemarketing calls by Defendants, including the claims against the other Charter Defendants. As this arbitration provision is broadly defined, all Charter Defendants, not just Charter Communications, Inc., should be included in the arbitration for these alleged claims arising out of the marketing of services.

## CONCLUSION

For the reasons stated herein, Charter Defendants respectfully request that Plaintiffs' Motion to Compel Arbitration be granted as to all Charter Defendants.

---

[2] In *Cato*, the court further elaborates that "[t]he Court does not believe that the phrase 'between the parties' in the arbitration provision restricts the application of the provision in the manner suggested by the Defendant, particularly in light of the agency relationship between the Defendant and the Cato entities…."

9

This the 9th day of March, 2015.

                      **CRANFILL, SUMNER & HARTZOG, LLP**

        BY:   **/s/ Samuel H. Poole, Jr.**
                  SAMUEL H. POOLE, JR.
                  State Bar No. 13659
                  Post Office Box 30787
                  Charlotte, North Carolina 28230
                  Telephone:  (704) 332-8300
                  Facsimile:   (704) 332-9994
                  E-Mail: shp@cshlaw.com
                  *Attorneys for Charter Defendants*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached *Brief in Support of Response* on all of the parties to this cause by:

Electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

   Richard H. Hartman
   185A Weston Road
   Arden, NC 28704
   Tel: 813-486-8287
   Email: rick@rickhartman.com

   William C. Robinson
   Robinson Elliot & Smith
   P.O. Box 36098
   Charlotte, NC 2836-6098
   srobinson@reslawfirm.net
   *Attorney for Straight Forward*

This the 9th day of March, 2015.

                          **CRANFILL SUMNER & HARTZOG LLP**

                    BY:   **/s/ Samuel H. Poole, Jr.**
                            SAMUEL H. POOLE, JR.
                            State Bar No. 13659
                            Post Office Box 30787
                            Charlotte, North Carolina 28230
                            Telephone: (704) 332-8300
                            Facsimile: (704) 332-9994
                            E-Mail: shp@cshlaw.com
                            *Attorneys for Charter Defendants*