IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-CV-243

| | | |
|---|---|---|
| RICHARD H. HARTMAN, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC.; | ) | |
| CHARTER COMMUNICATIONS, LLC.; | ) | |
| CHARTER COMMUNICATIONS (NC), | ) | |
| LLC.; CHARTER COMMUNICATIONS | ) | |
| VI, LLC.; CHARTER | ) | **DEFENDANT STRAIGHT** |
| COMMUNICATIONS VII, LLC.; | ) | **FORWARD OF WISCONSIN,** |
| CHARTER COMMUNCIATIONS | ) | **INC.'S ANSWER TO** |
| HOLDING COMPANY, LLC.; CHARTER | ) | **AMENDED COMPLAINT** |
| CABLE OPERATING COMPANY, LLC.; | ) | |
| STRAIGHT FORWARD OF WISCONSIN, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Defendant STRAIGHT FORWARD OF WISCONSIN, INC. ("Straight Forward") by and through counsel, and responds to the Plaintiff's Amended Complaint as follows:

## FIRST DEFENSE - ANSWER

## INTRODUCTION

It is specifically denied that this answering Defendant violated the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227 et seq., the provisions of which speak for themselves. Except as admitted, the allegations contained herein are denied.

## JURISDICTION AND VENUE

1. The allegations of Paragraph 1 are admitted upon information and belief.

2. The allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 are denied.

4. With respect to the allegations of Paragraph 4, it is admitted that Defendant may conduct business in North Carolina from time to time. Except as admitted, the allegations of Paragraph 4 are denied for lack of information or knowledge sufficient to form a belief.

5. The allegations of Paragraph 5 are denied for lack of information or knowledge sufficient to form a belief.

## PARTIES

6. The allegations of Paragraph 6 are denied for lack of information or knowledge sufficient to form a belief.

7. With respect to the allegations of Paragraph 7, it is admitted upon information and belief that Defendant Charter Communications, Inc. is a corporation that conducts business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. Except as admitted, the allegations of Paragraph 7 are denied for lack of information or knowledge sufficient to form a belief.

8. With respect to the allegations of Paragraph 8, it is admitted upon information and belief that Defendant Charter Communications, LLC is a corporation that conducts business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. Except as admitted, the allegations of Paragraph 8 are denied for lack of information and knowledge sufficient to form a belief.

9. With respect to the allegations of Paragraph 9, it is admitted upon information and belief that Defendant Charter Communications (NC), LLC is a corporation that conducts business in Buncombe County, North Carolina with a principal place of business located in St. Louis,

Missouri. Except as admitted, the allegations of Paragraph 9 are denied for lack of information or knowledge sufficient to form a belief.

10. With respect to the allegations of Paragraph 10, it is admitted upon information and belief that Defendant Charter Communications VI, LLC is a corporation that conducts some business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. Except as admitted, the allegations of Paragraph 10 are denied for lack of information or knowledge sufficient to form a belief.

11. With respect to the allegations of Paragraph 11, it is admitted upon information and belief that Defendant Charter Communications VII, LLC is a corporation that conducts some business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. Except as admitted, the allegations of Paragraph 11 are denied for lack of information or knowledge sufficient to form a belief.

12. With respect to the allegations of Paragraph 12, it is admitted upon information and belief that Defendant Charter Communications Holding Company, LLC is a corporation that conducts some business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. Except as admitted, the allegations of Paragraph 12 are denied for lack of information or knowledge sufficient to form a belief.

13. With respect to the allegations of Paragraph 13, it is admitted upon information and belief that Defendant Charter Cable Operating Company, LLC is a corporation that conducts some business in Buncombe County, North Carolina with a principal place of business located in St. Louis, Missouri. Except as admitted, the allegations of Paragraph 13 are denied for lack of information or knowledge sufficient to form a belief.

14.    The allegations of Paragraph 14 are admitted.

15.    The allegations of Paragraph 15 are denied.

16.    The allegations of Paragraph 16 are denied.

17.    The allegations of Paragraph 17 are denied.

## **FACTS**

18.    With respect to the allegations of Paragraph 18, it is admitted, upon information and belief, that, at some time prior to January of 2014, Plaintiff provided a Charter entity with a contact number of (813) 486-8287.  It is further admitted that in or around January 2014, that number was provided by a Charter entity to Straight Forward pursuant to its agreement to market various products and/or services offered by a Charter entity, and that Straight Forward began calling that number in the course and scope of its performance of its agreement to provide certain marketing services.  Except as admitted, the allegations of this Paragraph are denied.

19.    The allegations of Paragraph 19 are denied for lack of information or knowledge sufficient to form a belief.

20.    The allegations of Paragraph 20 are denied.

21.    The allegations of Paragraph 21 are denied.

22.    The allegations of Paragraph 22 are denied.

23.    With respect to the allegations of Paragraph 23, it is admitted, upon information and belief, that Plaintiff provided a Charter entity with a contact number of (813) 486-8287 for his account, and that number was provided by a Charter entity to Straight Forward pursuant to its agreement to market various products and/or services offered by a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

24.     The allegations of Paragraph 24 are denied.

25.     The allegations of Paragraph 25 are denied.

## THE CALLS

26.     With respect to the allegations of Paragraph 26, it is admitted that at approximately 3:07 p.m. on January 6, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

27.     With respect to the allegations of Paragraph 27, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

28.     With respect to the allegations of Paragraph 28, it is admitted that the aforementioned telephone call was placed by a live person.  Except as admitted, the allegations of this Paragraph are denied.

29.     The allegations of Paragraph 29 are denied.

30.     With respect to the allegations of Paragraph 30, it is admitted that at approximately 7:11 p.m. on January 9, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

31.     With respect to the allegations of Paragraph 31, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

32.     With respect to the allegations of Paragraph 32, it is admitted that the aforementioned telephone call was placed by a live person.  Except as admitted, the allegations of this Paragraph are denied.

33.     The allegations of Paragraph 33 are denied.

34.     The allegations of Paragraph 34 are denied.

35.     With respect to the allegations of Paragraph 35, it is admitted that at approximately 6:39 p.m. on February 6, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

36.     With respect to the allegations of Paragraph 36, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

37.     With respect to the allegations of Paragraph 37, it is admitted that the aforementioned telephone call was placed by a live person.  Except as admitted, the allegations of this Paragraph are denied.

38.     The allegations of Paragraph 38 are denied.

39.     The allegations of Paragraph 39 are denied.

40.     With respect to the allegations of Paragraph 40, it is admitted that at approximately 12:44 p.m. on March 5, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

41. With respect to the allegations of Paragraph 41, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity. Except as admitted, the allegations of this Paragraph are denied.

42. With respect to the allegations of Paragraph 42, it is admitted that the aforementioned telephone call was placed by a live person. Except as admitted, the allegations of this Paragraph are denied.

43. The allegations of Paragraph 43 are denied.

44. With respect to the allegations of Paragraph 44, it is admitted that at approximately 7:47 p.m. on March 10, 2014, Straight Forward placed a telephone call to (813) 486-8287. Except as admitted, the allegations of this Paragraph are denied.

45. With respect to the allegations of Paragraph 45, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity. Except as admitted, the allegations of this Paragraph are denied.

46. With respect to the allegations of Paragraph 46, it is admitted that the aforementioned telephone call was placed by a live person. Except as admitted, the allegations of this Paragraph are denied.

47. The allegations of Paragraph 47 are denied.

48.     With respect to the allegations of Paragraph 48, it is admitted that at approximately 7:33 p.m. on April 17, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

49.     With respect to the allegations of Paragraph 49, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

50.     With respect to the allegations of Paragraph 50, it is admitted that the aforementioned telephone call was placed by a live person.  Except as admitted, the allegations of this Paragraph are denied.

51.     The allegations of Paragraph 51 are denied.

52.     With respect to the allegations of Paragraph 52, it is admitted that at approximately 11:05 a.m. on April 22, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

53.     With respect to the allegations of Paragraph 53, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

54.     With respect to the allegations of Paragraph 54, it is admitted that the aforementioned telephone call was placed by a live person.  Except as admitted, the allegations of this Paragraph are denied.

55.     The allegations of Paragraph 55 are denied.

56.     With respect to the allegations of Paragraph 56, it is admitted that at approximately 1:09 p.m. on April 23, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

57.     With respect to the allegations of Paragraph 57, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

58.     With respect to the allegations of Paragraph 58, it is admitted that the aforementioned telephone call was placed by a live person.  Except as admitted, the allegations of this Paragraph are denied.

59.     The allegations of Paragraph 59 are denied.

60.     With respect to the allegations of Paragraph 60, it is admitted that at approximately 5:54 p.m. on April 24, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

61.     With respect to the allegations of Paragraph 61, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

62. With respect to the allegations of Paragraph 62, it is admitted that the aforementioned telephone call was placed by a live person. Except as admitted, the allegations of this Paragraph are denied.

63. The allegations of Paragraph 63 are denied.

64. With respect to the allegations of Paragraph 64, it is admitted that at approximately 11:11 a.m. on April 26, 2014, Straight Forward placed a telephone call to (813) 486-8287. Except as admitted, the allegations of this Paragraph are denied.

65. With respect to the allegations of Paragraph 65, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity. Except as admitted, the allegations of this Paragraph are denied.

66. With respect to the allegations of Paragraph 62, it is admitted that the aforementioned telephone call was placed by a live person. Except as admitted, the allegations of this Paragraph are denied.

67. The allegations of Paragraph 67 are denied.

68. With respect to the allegations of Paragraph 68, it is admitted that at approximately 5:56 p.m. on April 28, 2014, Straight Forward placed a telephone call to (813) 486-8287. Except as admitted, the allegations of this Paragraph are denied.

69. With respect to the allegations of Paragraph 69, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its

performance of its agreement to provide certain marketing services to a Charter entity. Except as admitted, the allegations of this Paragraph are denied.

70.    With respect to the allegations of Paragraph 70, it is admitted that the aforementioned telephone call was placed by a live person. Except as admitted, the allegations of this Paragraph are denied.

71.    The allegations of Paragraph 71 are denied.

72.    With respect to the allegations of Paragraph 72, it is admitted that at approximately 6:03 p.m. on April 29, 2014, Straight Forward placed a telephone call to (813) 486-8287. Except as admitted, the allegations of this Paragraph are denied.

73.    With respect to the allegations of Paragraph 73, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity. Except as admitted, the allegations of this Paragraph are denied.

74.    With respect to the allegations of Paragraph 74, it is admitted that the aforementioned telephone call was placed by a live person. Except as admitted, the allegations of this Paragraph are denied.

75.    The allegations of Paragraph 75 are denied.

76.    With respect to the allegations of Paragraph 76, it is admitted that at approximately 6:16 p.m. on April 30, 2014, Straight Forward placed a telephone call to (813) 486-8287. Except as admitted, the allegations of this Paragraph are denied.

77.     With respect to the allegations of Paragraph 77, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

78.     With respect to the allegations of Paragraph 78, it is admitted that the aforementioned telephone call was placed by a live person.  Except as admitted, the allegations of this Paragraph are denied.

79.     The allegations of Paragraph 79 are denied.

80.     With respect to the allegations of Paragraph 80, it is admitted that at approximately 5:05 p.m. on May 16, 2014, Straight Forward placed a telephone call to (813) 486-8287.  Except as admitted, the allegations of this Paragraph are denied.

81.     With respect to the allegations of Paragraph 81, it is admitted that the immediately aforementioned telephone call was placed by Straight Forward in the course and scope of its performance of its agreement to provide certain marketing services to a Charter entity.  Except as admitted, the allegations of this Paragraph are denied.

82.     With respect to the allegations of Paragraph 82, it is admitted that the aforementioned telephone call was placed by a live person.  Except as admitted, the allegations of this Paragraph are denied.

83.     The allegations of Paragraph 83 are denied.

84.     The allegations of Paragraph 84 are denied.

85.     With respect to the allegations of Paragraph 85, it is admitted that the provisions of 47 U.S.C. § 227 (b)(3)(B) say what they say. Except as admitted, the allegations of this Paragraph are denied.

86.     With respect to the allegations of Paragraph 86, it is admitted that the provisions of 47 U.S.C. § 227 (b)(3)(B) say what they say. Except as admitted, the allegations of this Paragraph are denied.

87.     With respect to the allegations of Paragraph 87, it is admitted that the provisions of 47 U.S.C. § 227 (b)(3) say what they say. Except as admitted, the allegations of this Paragraph are denied.

88.     The allegations of Paragraph 88 are denied.

## CAUSES OF ACTION

## COUNT I – VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

89.     With respect to the allegations of Paragraph 89, it is admitted that Plaintiff alleges that Defendants violated 47 U.S.C. § 227 et seq. Except as admitted, the allegations of this Paragraph are denied.

90.     Defendant incorporates by reference its responses to Paragraphs 1-89 of the Amended Complaint, as if fully stated herein.

91.     The allegations contained in Paragraph 91 are denied.

92.     With respect to the allegations of Paragraph 92, it is admitted that the provisions of 47 U.S.C. § 227 (b)(1)(A)(iii) say what they say. Except as admitted, the allegations of this Paragraph are denied.

93.     The allegations of Paragraph 93 are denied.

94.     The allegations of Paragraph 94 are denied.

95.     The allegations of Paragraph 95 are denied.

96.     The allegations of Paragraph 96 are denied.

97.     The allegations of Paragraph 97 are denied.

98.     The allegations of Paragraph 98 are denied, and each and every allegation herein not expressly admitted is denied.

## **AFFIRMATIVE DEFENSES**

1.     To the extent that this Defendant is found to have violated 47 U.S.C.§ 277 et seq., which is again denied, the Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under that statute.

2.     To the extent that this Defendant is found to have violated 47 U.S.C.§ 277 et seq., which is again denied, any such violation(s) was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error and to ensure compliance with the applicable law(s).

3.     Plaintiff gave his consent and/or permission for, and/or otherwise authorized the calls complained of to the phone number in question.

4      The telephone calls were not unlawful "telephone solicitations" and/or "unsolicited advertisements" because Plaintiff was a person with whom one or more of the Charter Defendants

had an established business relationship with and the telephone calls were made pursuant to that relationship, i.e., any phone calls made to Plaintiff by Defendant are exempt from liability under 47 U.S.C. § 277 et seq.

5.      To the extent that this Defendant is found to have violated 47 U.S.C. § 277 et seq., which is again denied, Plaintiff has suffered no actual damages as a result of the purported statutory violation(s).

6.      Defendant reserves the right to amend this Answer and to assert any/all additional affirmative defenses available and/or as permitted by the Federal Rules of Civil Procedure or otherwise supported by law, and dependent upon any evidence discovered in the course of this litigation.

WHEREFORE, having answered each and every allegation contained in Plaintiff's Amended Complaint, the Defendant prays the Court as follows:

1.      That Plaintiff have and recover nothing by way of this action and that his Complaint be dismissed with prejudice;

2.      That the cost of this action, including but not limited to attorneys' fees, be taxed against Plaintiff;

3.      For a trial by jury of all issues or facts so triable; and

4.      For such other and further relief as the Court may deem just and proper.

This the 9th day of March, 2014.

s/William C. Robinson
William C. Robinson Bar Number: 17584
s/Katherine T. Armstrong
Katherine T. Armstrong Bar Number: 36305
Attorneys for Defendant Union County Board of Education

Robinson Elliott & Smith
P.O. Box 36098
Charlotte, North Carolina 28236
Telephone (704) 343-0061
Facsimile (704) 373-0290
E-mail: srobinson@reslawfirm.net
        karmstrong@reslawfirm.net

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that the foregoing Answer was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record and/or parties as follows:

RICHARD H. HARTMAN
185A Weston Road
Arden, NC 28704
Tel: 813-486-8287
Email: rick@rickhartman.com
*Pro se Plaintiff*

SAMUEL H. POOLE, JR. State Bar No. 13659
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone:      (704) 332-8300
Facsimile:      (704) 332-9994
E-Mail:  shp@cshlaw.com
*Attorneys for Defendants Charter Communications, Inc., Charter Communications, LLC, and Charter Communications (NC), LLC*

This the 9th day of March, 2015.

s/William C. Robinson
William C. Robinson Bar Number: 17584
*Attorneys for Defendant Straight Forward of Wisconsin, Inc.*
Robinson Elliott & Smith
P.O. Box 36098
Charlotte, North Carolina 28236
Telephone (704) 343-0061
Facsimile (704) 373-0290
E-mail: srobinson@reslawfirm.net