THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00243-MR-DLH

| | |
|---|---|
| RICHARD H. HARTMAN, II ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHARTER COMMUNICATIONS, ) | |
| INC.; CHARTER ) | |
| COMMUNICATIONS, LLC; ) | |
| CHARTER COMMUNICATIONS ) | **MEMORANDUM OF** |
| (NC), LLC; CHARTER ) | **DECISION AND ORDER** |
| COMMUNICATIONS VI, LLC; ) | |
| CHARTER COMMUNICATIONS ) | |
| VII, LLC; CHARTER ) | |
| COMMUNICATIONS HOLDING ) | |
| COMPANY, LLC; CHARTER ) | |
| CABLE OPERATING COMPANY,) | |
| LLC; STRAIGHT FORWARD ) | |
| OF WISCONSIN, INC. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel Arbitration with Respect to Charter Communications, Inc. [Doc. 18] and the Defendants' Response Opposing in Part and Agreeing in Part to Plaintiff's Motion to Compel Arbitration [Doc. 20].

## I.  PROCEDURAL BACKGROUND

The Plaintiff initiated this action on September 15, 2014, seeking damages from Charter Communications, Inc.; Charter Communications, LLC; Charter Communications (NC), LLC; Charter Communications VI, LLC; Charter Communications VII, LLC; Charter Communications Holding Company, LLC; and Charter Cable Operating Company (collectively "the Charter Defendants") for alleged violations of the Telephone Consumer Protection Act ("TCPA").  [Doc. 1].  On February 9, 2015, the Plaintiff filed an Amended Complaint adding Straight Forward of Wisconsin, Inc. ("Straight Forward") as a Defendant.  [Doc. 16].

The agreement between the Plaintiff and Charter Communications, Inc. (the "Agreement") contained an arbitration provision:

> . . . This Agreement requires the use of arbitration to resolve disputes and otherwise limits the remedies available to Subscriber in the event of a dispute. . . Charter and Subscriber agrees to arbitrate disputes and claims arising out of or relating to this Agreement, the Services or marketing of the Services Subscriber has received from Charter. . . THIS AGREEMENT MEMORIALIZES A TRANSACTION IN INTERSTATE COMMERCE. THE FEDERAL ARBITRATION ACT GOVERNS THE INTERPRETATION AND ENFORCEMENT OF THESE ARBITRATION PROVISIONS.

[Doc. 18-1, Section 24].

2

The Plaintiff filed his Motion to Compel Arbitration with Respect to Defendant Charter Communications, Inc. on February 18, 2015 [Doc. 18], and the Charter Defendants responded opposing in part and agreeing in part to the Plaintiff's motion [Docs. 20-21].

This matter is now ripe for disposition.

## II. DISCUSSION

According to the Federal Arbitration Act ("FAA"), § 2:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2. The Fourth Circuit has held that "a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to

arbitrate the dispute." Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991).

Where there is a valid arbitration agreement and a claim has been made raising issues within its scope, "[a] district court . . . has no choice but to grant a motion to compel arbitration." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002). There is a strong public policy in favor of arbitration in North Carolina and on the federal level. See Johnston County v. R.N. Rouse & Co., 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992); see also Vaden v. Discover Bank, 556 U.S. 49, 129 S.Ct. 1262, 1265 (2009).

In some cases, state law "traditional principles" "allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.'" Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 631 (2009) (citing 21 R. Lord, Williston on Contracts § 57:19, p. 183 (4th ed. 2001). Thus, nonsignatories may demand arbitration under the FAA. Id.; see also American Bankers Insurance Group v. Long, 453 F.3d 623, 626-30 (4th Cir. 2006) (holding that both a signatory and a nonsignatory were bound by an arbitration clause through equitable estoppel); see also J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 320-21 (4th Cir. 1988) (holding that a parent company was bound by an arbitration

4

agreement signed by its subsidiary where the charges against both companies were "based on the same facts" and "inherently inseparable").

Further, according to the FAA, § 3:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3.

Here, the arbitration provision in the Agreement between the Plaintiff and Charter Communications, Inc. is unambiguous, and the Defendants have not questioned its validity. [Doc. 18-1, Section 24]. Thus, the arbitration provision is enforceable by this Court. The Charter Defendants agree with the Plaintiff that "arbitration is appropriate in this case according to the Service Agreement[,] but also contend that *all Charter Defendants should be included* in the arbitration as the claims against Charter Communications, Inc. are inseparably intertwined with the claims against the other Charter Defendants . . . [and] the arbitration provision is broad in scope." [Doc. 21 at 2].

5

None of the Charter Defendants have filed the required disclosure statements in this case pursuant to Federal Rule of Civil Procedure 7.1. Thus, this Court has no information regarding the relationship of the Charter Defendants to one another. Such information is necessary for this Court to make its determination regarding the Plaintiff's Motion to Compel Arbitration with Respect to Charter Communications, Inc. [Doc. 18]. Thus, this Court will order the Charter Defendants to file their required Rule 7.1 corporate disclosures and inform this Court of their relationship to one another within seven (7) days.

Further, the Court is unaware of Defendant Straight Forward's position regarding the arbitration issue in this case. Thus, this Court will give Straight Forward seven (7) days to reveal its position in this matter.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Charter Communications, Inc.; Charter Communications, LLC; Charter Communications (NC), LLC; Charter Communications VI, LLC; Charter Communications VII, LLC; Charter Communications Holding Company, LLC; and Charter Cable Operating Company have seven (7) days from the entry of this Order to file their required Rule 7.1 corporate disclosures and inform this Court of their relationship to one another.

6

**IT IS FURTHER ORDERED** that Straight Forward of Wisconsin, Inc. has seven (7) days from the entry of this Order to respond with its position regarding the Plaintiff's Motion to Compel Arbitration with Respect to Charter Communications, Inc. [Doc. 18] and the Defendants' Response Opposing in Part and Agreeing in Part to Plaintiff's Motion to Compel Arbitration [Doc. 20].

**IT IS SO ORDERED.**

Signed: March 30, 2015

Martin Reidinger
United States District Judge