IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-CV-243

| | | |
|---|---|---|
| RICHARD H. HARTMAN, II, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT STRAIGHT** |
| v. | ) | **FORWARD OF WISCONSIN,** |
| | ) | **INC.'S RESPONSE TO** |
| CHARTER COMMUNICATIONS, INC.; | ) | **PLAINTIFF'S MOTION TO** |
| CHARTER COMMUNICATIONS, LLC.; | ) | **COMPEL ARBITRATION** |
| CHARTER COMMUNICATIONS (NC), | ) | **[DOC. 18] AND CHARTER** |
| LLC.; CHARTER COMMUNICATIONS | ) | **DEFENDANTS' RESPONSE** |
| VI, LLC.; CHARTER | ) | **[DOC. 20].** |
| COMMUNICATIONS VII, LLC.; | ) | |
| CHARTER COMMUNCIATIONS | ) | |
| HOLDING COMPANY, LLC.; CHARTER | ) | |
| CABLE OPERATING COMPANY, LLC.; | ) | |
| STRAIGHT FORWARD OF WISCONSIN, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Defendant STRAIGHT FORWARD OF WISCONSIN, INC.

("Straight Forward") by and through counsel, and pursuant to the Memorandum of

Decision and Order entered on March 30, 2015 [Doc. 25], and hereby provides its

Response as to Plaintiff's Motion to Compel Arbitration with Respect to Charter

Communications, Inc. [Doc. 18] and the Defendants' Response Opposing in Part

and Agreeing in Part to Plaintiff's Motion to Compel Arbitration [Doc. 20].

**SUPPLEMENTAL PROCEDURAL BACKGROUND**

On February 9, 2015, the Plaintiff filed an Amended Complaint adding

Straight Forward of Wisconsin, Inc. ("Straight Forward") as a Defendant in the

1

above-captioned litigation [Doc. 16]. Relevant to the instant issue, Plaintiff's Amended Complaint alleges that:

- This action arises out of the facts and circumstances surrounding a series of unlawful "auto-dialed" telemarketing telephone calls the Defendants made to the Plaintiff's cellular telephone [Intro., Doc. 16];

- Charter Communications, Inc. ("Charter") is vicariously liable for the unlawful conduct of Straight Forward as alleged herein, as Charter had control and provided direction to Straight Forward, and the unlawful calls were placed on behalf of Charter Communications, Inc. [¶ 17, Doc. 16];

- Straight Forward, on behalf of Charter, began calling the Plaintiffs cellular telephone, the number … for the purpose of soliciting the Plaintiff to purchase cable television and other services [¶18, Doc. 16];

- Charter and/or Straight Forward used an auto-dialer to place telemarketing calls to Plaintiff's cellular telephone on numerous occasions as described herein [¶25, Doc. 16];

- Defendants are subject to, and have violated the TCP A by using an automated telephone dialing system to call the Plaintiffs, cellular telephone, at least fourteen (14) times, without his prior express consent [¶93, Doc. 16];

2

- As a direct and approximate result of Defendants' conduct, the Plaintiff has suffered damages [¶96, Doc. 16];

- As a result of the above violations of the TCPA, the Defendants are liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b )(3)(B) [¶97, Doc. 17].

In its Answer to Plaintiff's Amended Complaint, Straight Forward admitted that Plaintiff's phone number was provided to it by a Charter entity pursuant to its agreement to market various products and/or services offered by a Charter entity, and that Straight Forward began calling that number in the course and scope of its performance of its agreement to provide certain marketing services [¶18, Doc. 22].

## ARGUMENT

Defendant Straight Forward is not a party to the Service Agreement between Plaintiff and Defendant Charter Communications, Inc. and/or the various other Charter entities named in this litigation.  Straight Forward, however, desires to join the Charter Defendants and Plaintiff in binding arbitration, as permitted by their Service Agreement.

I.    **PLAINTIFF IS EQUITABLY ESTOPPED FROM ARGUING THAT STRAIGHT FORWARD IS NOT A PARTY TO THE ARBITRATION CLAUSE.**

It is well-established in this jurisdiction that a nonsignatory to an arbitration agreement may compel and/or join in the arbitration process in certain circumstances, despite the fact that the signatory and nonsignatory lack an express agreement to arbitrate. See Am. Bankers Ins. Grp., Inc. v. Long, 453 F.3d 623, 627 (4th Cir. 2006). One such circumstance is when equitable estoppel is warranted.

"Equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." Stewart v. Legal Helpers Debt Resolution, LLC, 2012 U.S. Dist. LEXIS 76168 (W.D.N.C. 2012, 2:11cv26) (unpublished) (citing Brantley v. Republic Mortgage Ins. Co., 424 F.3d 392, 396 (4th Cir. 2005).

Plaintiff in Stewart entered into a contract with defendant LHDR for legal services related to debt negotiation. The contract between Stewart and LHDR contained an arbitration provision, however, CDS was not a signatory to that contract. In his complaint, plaintiff alleged that LHDR relied upon and used defendant CDS to handle negotiations for debt adjusting and to provide services under the contract between Stewart and LHDR, and that the joint conduct of LHDR and CDS, in the provision of these services, resulted in his damages.

4

The District Court found that the plaintiff's claims against CDS arose out of and related directly to the contract between plaintiff and LHDR, and held that:

> [t]he Plaintiff cannot assert such claims against CDS and yet deny CDS the right to demand arbitration in accordance with the parties' contract … Here, the Plaintiff has alleged that CDS engaged in concerted misconduct with LHDR, a signatory to the [contract] … As such, equitable estoppel precludes the Plaintiff from arguing that CDS as a non-signatory is not entitled to enforce the arbitration agreement. Id. at *12-13. See also Klopfer v. Queens Gap Mt., LLC, 816 F. Supp. 2d 281 (W.D.N.C. 2011) (allowing both signatory and nonsignatory defendants to compel arbitration where defendants were alleged to have engaged in concerted misconduct).

## II. JUDICIAL ECONOMY IS BEST SERVED BY SENDING ALL PARTIES TO ARBITRATION.

Plaintiff's Amended Complaint alleges that his damages were caused by the wrongful misconduct of both Straight Forward and the Charter Defendants, acting together, or, Straight Forward, acting on behalf of the Charter Defendants. Specifically, Plaintiff claims that his damages arise out of a certain number of "unlawful" calls placed to his cellular phone and he seeks the statutory penalty for each violation of the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227 et seq.

There are several practical reasons why all parties should be subject to arbitration, as opposed to some of the Defendants arbitrating while the remainder of

5

the Defendants simultaneously defend the District Court litigation. These reasons include the following:

1. The issues raised in the above-captioned litigation are closely intertwined and inseparable, which results in the possibility of inconsistent verdicts and/or judgments, or double recovery, if some but not all of the Defendants are allowed to proceed to arbitration. As alleged, the conduct of the Defendants is inseparable, the claims are not severable, and, if allowed to proceed in *both* arbitration and this litigation, Plaintiff is effectively putting the same conduct and facts on trial in two separate proceedings (i.e. getting two bites at the same apple), and allowing the possibility of inconsistent results; and

2. Proceeding in both arbitration and litigation is cost prohibitive to all parties, regardless of which forum each party ends up in. Not only is Plaintiff litigating two cases, each Defendant can reasonably be expected to be called as witness or to provide information in the proceeding to which it is not a party, i.e., if Charter Communications, Inc. goes to arbitration and Straight Forward does not, Straight Forward expects to be called by Charter to participate in the arbitration, and Straight Forward expects that Charter would likewise also be entangled simultaneously in the District Court litigation.

## CONCLUSION

6

Defendant Straight Forward respectfully requests that all parties be compelled to participate in arbitration.

This the 6th day of April, 2015.

> s/William C. Robinson
> William C. Robinson Bar No. 17584
> Katherine T. Armstrong Bar No. 36305
> *Attorneys for Defendant Straight Forward of Wisconsin, Inc.*
> Robinson Elliott & Smith
> P.O. Box 36098
> Charlotte, North Carolina 28236
> Telephone (704) 343-0061
> Facsimile (704) 373-0290
> E-mail: srobinson@reslawfirm.net
> E-mail: karmstrong@reslawfirm.net

7

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION WITH RESPECT TO CHARTER COMMUNICATIONS, INC. [DOC. 18] AND THE DEFENDANTS' RESPONSE OPPOSING IN PART AND AGREEING IN PART TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION [DOC. 20] was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record and/or parties, and was served on Pro se Plaintiff by U.S. Mail, as follows:

RICHARD H. HARTMAN
185A Weston Road
Arden, NC 28704
Tel: 813-486-8287
Email:  rick@rickhartman.com
*Pro se Plaintiff*

SAMUEL H. POOLE, JR. State Bar No. 13659
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone:   (704) 332-8300
Facsimile:    (704) 332-9994
E-Mail:  shp@cshlaw.com
*Attorneys for Defendants Charter Communications, Inc., Charter Communications, LLC, and Charter Communications (NC), LLC*

This the 6th day of April, 2015.

s/William C. Robinson
William C. Robinson Bar Number: 17584
*Attorneys for Defendant Straight Forward of Wisconsin, Inc.*
Robinson Elliott & Smith
P.O. Box 36098
Charlotte, North Carolina 28236
Telephone (704) 343-0061
Facsimile (704) 373-0290
E-mail: srobinson@reslawfirm.net